IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. AP-75,930 & AP-75,931



EX PARTE HELIBERTO CHI, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS AND PETITION FOR 
A WRIT OF PROHIBITION IN CAUSE NO. 0805594 
IN THE CRIMINAL DISTRICT COURT NUMBER 3
OF TARRANT COUNTY


 
           Cochran, J., filed a concurring opinion in which Womack, J., joined.

O P I N I O N 

           I agree that applicant is not entitled to relief on either his application for a writ of
habeas corpus or his petition for a writ of prohibition because he has not made a prima facie
showing of a constitutional violation. I believe that applicant’s writ application could be
recharacterized by this Court as an original writ under the Texas Constitution.


 Regardless,
further factual development by this applicant under this particular pleading could not result
in any relief because he has not made a sufficient showing of any constitutional violation. 
He has pled facts, and offered evidence of those pleaded facts, that bring him within the
ambit of the majority decision in Baze v. Rees,


 and our prior decision in Ex parte O’Brien.


 
Furthermore, we have received a post-Baze supplemental response from the Texas
Department of Criminal Justice (TDCJ) that graphically demonstrates the similarities
between the Texas lethal-injection protocol and that of Kentucky which was upheld by the
United States Supreme Court in Baze.


 TDCJ’s comparison is based primarily upon data in
the TDCJ Execution Procedural Manual which was attached to applicant’s Petition for Writ
of Prohibition.


 Thus, the underlying data that negates applicant’s claim of a constitutional violation was supplied by applicant himself. Furthermore, applicant, like the petitioner in
Baze, fails to articulate a readily implemented and feasible alternative to the Texas lethal-injection protocol such that the failure to implement that new, significantly superior
procedure might constitute cruel and unusual punishment.


 Finally, applicant discusses the
“botched” execution of Angel Diaz in Florida as some evidence that the same could happen
to him. But Texas is not Florida, and applicant has failed to show that any lethal-injection
execution in Texas has presented the same problems as that in the Diaz case. At any rate, “an
isolated mishap alone does not give rise to an Eighth Amendment violation, precisely
because such an event, while regrettable, does not suggest cruelty, or that the procedure at
issue gives rise to a ‘substantial risk of serious harm.’”



           Therefore, I agree that we must dismiss the present application for a writ of habeas
corpus and the petition for writ of prohibition because neither one sets out a prima facie
showing of a constitutional violation. 
 
Filed: June 9, 2008
Publish